DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
DANNY YOO (SBN 251574)
SARA P. KUNKEL (SBN 260240)
520 S. Virgil Avenue, Suite 400
Los Angeles, CA  90020
Tel.:  (213) 387-8400 x32
Fax:   (213) 381-8555

ATTORNEYS FOR PLAINTIFF(S)

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE DIAZ, HUMBERTO PACHECO, JUDITH VILLANUEVA, and IMELDA VARGAS, individuals; and FAIR HOUSING FOUNDATION, a California non-profit corporation,<br><br>             Plaintiffs,<br>     vs.<br><br>SANTA ROSALIA COURT APARTMENTS, L.L.C., a California limited liability company; and ALEX PARIZHER, an individual,<br><br>             Defendants. | Case No.:  CV11-5748 RSWL (JCx)<br><br>PROTECTIVE ORDER<br><br>[CHANGES MADE BY COURT] |

The parties having entered into a Stipulation for the entry of a Protective Order to govern the disclosure, dissemination, and use of "Confidential Information" produced by the parties in this action, and the Court having reviewed the Stipulation and finding good cause for the entry of such an order, hereby orders

that the following Protective Order ("the Order") shall apply to any information designated as "Confidential" pursuant to agreement of the parties or order of the Court.

### 1. Confidential Information

Plaintiff FHF contends that information regarding the investigative techniques employed by FHF staff and information relating to any particular investigation carried out by the FHF is confidential and the public disclosure of such information would jeopardize ongoing and future testing of other property owners' practices in Los Angeles County and would tax the limited resources of the FHF by requiring them to continually find and employ new anonymous testers and new investigative techniques. Therefore, Plaintiff FHF seeks to keep documents related to the identity of its testers and investigative techniques as confidential. (The "Confidential Information") *See Shammouh v. Karp*, 1996 U.S. Dist. LEXIS 16334 (E.D. Pa. Nov. 5, 1996) (holding good cause exists to treat information regarding the identities of testers and investigative techniques as confidential).

Any documents or things produced in discovery that contain or reveal Confidential Information or that are designated as Confidential Information under the terms of this Order, and all copies, recordings, abstracts, excerpts, analyses, court filings, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such Confidential Information shall be deemed to be Confidential Information.

The provisions of the Order shall not apply to information which can be shown by competent evidence to be: i) in the public domain at the time of disclosure or, through no fault of the Receiving Party, in the public domain after the time of disclosure; ii) known to or developed by the Receiving Party prior to

the time of disclosure; or iii) obtained from a third party having no obligation to protect such information from disclosure.

**2.  Parties**

A "Disclosing Party" is the party who produces or discloses Confidential Information, or on whose behalf such information is disclosed, to a receiving party's attorneys.  A "Receiving Party" is any party (either Plaintiff or a Defendant) that receives or is permitted to receive Confidential Information from the Disclosing Party under the Order.

**3.  Service Bureau**

A Service Bureau is a person, agency, or organization engaged by counsel or any party to perform clerical document handling, stenographic, computer data entry, or other services in support of litigation, whose participation is reasonably necessary for the litigation, who has received a fully executed copy of the Order, and whose owner or legal representative has executed an agreement to be bound by the terms of the Order.

**4.  Limited Use**

Confidential Information disclosed by a Disclosing Party under the Order shall be used by the Receiving Party only for purposes of this litigation and not for any business, commercial, scientific, competitive, or other purpose whatsoever.

**5.  Identification**

a.  Confidential Information may be designated by a Disclosing Party as "Confidential" by marking it as "Confidential" or by designating the information as "Confidential" by any separate writing sufficient to identify the information which is provided to the Receiving Party.

b.  Where such designation is made by stamping or similar means, it shall be made by placing notice on the document, thing, response to discovery, deposition or court transcript or record, information, or document stored on

diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the Confidential Information.

      c.    Information and documents designated as "Confidential Information" shall be subject to the disclosure restrictions of the Order.  Any Receiving Party who receives a document so designated and any other person who has agreed in writing to be bound by this Protective Order and receives a document so designated are subject to this Protective Order and the jurisdiction of the Central District of California for enforcement of the Order.

    **6.**    **Inadvertent Failure to Designate**

In the event that a party discovers after they have produced information that they have inadvertently failed to designate as "Confidential Information," that was not designated as Confidential, the disclosing party may designate the information as Confidential by a subsequent notice in writing identifying the information and furnishing the correct designation, in which event the parties shall henceforth treat such information as provided in the Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

    **7.**    **Disclosure to Court**

Confidential Information may be submitted for filing under seal with the Court prior to trial only by following the requirements set forth in Local Rule 79-5. Use of Confidential Information at trial shall be in accordance with the further order or instruction of the Court.

    **8.**    **Disclosure to Counsel.**

      a.    All Confidential Information, or copies thereof, received by counsel for any person in this litigation, shall be retained in the custody of counsel and shall not be disclosed to any person or party except that, and

solely for the purpose of this litigation, any such document or other thing may be disclosed by counsel to only the following:

   1) The Court;

   2) Attorneys and other persons working on this lawsuit who are members, employees of, or associate counsel of the attorneys' law firm;

   3) The parties;

   4) Court and deposition reporters, whose services are used in connection with this action, and employees working for such reporters;

   5) Independent experts who are to testify (testifying experts); and

   6) Deponents, and their counsel, during the course of depositions taken in this action.

  b. The disclosure of Confidential Information under this Paragraph 8, other than to the parties hereto, their counsel, and the Court/Court personnel, may be made only if, prior to such disclosure, the person/entity to whom disclosure is to be made, has read an executed copy of this Order, has agreed to be bound by it, and has signed an agreement to do so.

  c. Counsel for each Receiving Party shall prepare and maintain a log of all persons to whom it discloses the Confidential Information of each party and the specific Confidential Information disclosed.

  **9.** **Disclosure to Others**

Confidential Information may not be disclosed to any other persons or entities, including the employees and officers of a Receiving Party to this action, except under the following circumstances:

   (1) Upon written permission of the Producing Party;

   (2) By Order of the Court; or

(3) By a disclosure to a Service Bureau who has agreed to be bound by the terms of the Order, and executed an agreement to do so.

## 10. Return of Documents

Within 90 days of either settlement or final judgment that is not appealed or subject to further legal proceedings, each Receiving Party or other person subject to the terms of the Order or in possession or control of Confidential Information shall be obligated to return to any Disclosing Party all Confidential Information, and all copies thereof. This paragraph does not apply to the Court/Court personnel or to Confidential Information in the possession of the Court/Court personnel.

## 11. Continuing Jurisdiction

This Order shall survive the final conclusion of this action.

## 12. Applicability of Order

The Order shall bind and apply to all persons who receive Confidential Information and who either are parties to this action, counsel for parties to this action or who sign an agreement to be so bound.

## 13. Disputes

Any disputes regarding the Protective Order are subject to Local Rule 37.

IT IS SO ORDERED.

Dated: October 25, 2011            _____/s/_____
                                   Honorable Jacqueline Chooljian
                                   United States Magistrate Judge